**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| ROLANDO MONTEMAYOR, : | |
| : | Civil Action |
| Plaintiff,  : | 2:05-CV-05928 (FSH) |
| : | |
| v.          : | **O P I N I O N** |
| : | |
| BERGEN COUNTY JAIL et al., : | |
| : | |
| Defendants. : | |

**APPEARANCES:**

    ROLANDO MONTEMAYOR, pro se
    #D40979
    Bergen County Jail
    Hackensack, New Jersey 07601

**HOCHBERG, District Judge**

    Plaintiff Rolando Montemayor (hereinafter "Plaintiff") currently confined at the Bergen County Jail, Hackensack, New Jersey, seeks to bring this 42 U.S.C. § 1983 action in forma pauperis without prepayment of fees pursuant to 28 U.S.C. § 1915. Plaintiff submitted his (1) affidavit of indigence and institutional account statement pursuant to 28 U.S.C. § 1915(a)(1998) and (2) his complaint (hereinafter "Complaint"), a pre-printed form, all entries in which were handwritten by the Plaintiff.

The Plaintiff alleges that, in the evening of November 29, 2005, "Plaintiff, [a disabled person confined to a] wheelchair was doing a spin on two wheels." See Compl. at 7, 8.  In response to the Plaintiff's spinning, the Defendants[1] "verbally and emotional[ly] har[]ass[ed] and insulted the Plaintiff." See id. at 7.  After "[t]he Defendant[s] verbally . . . insult[ed] the Plaintiff hurting him emotionally and causing [him] severe emotional distress, [the Defendants] frisked [Plaintiff and] handcuffed [him] behind . . . the wheelchair." See id. at 2, 7. Moreover, while the Defendants "verbally screamed and yelled at

---

[1] In the caption of his Complaint, the Plaintiff names the following Defendants: "Bergen County Jail, Bergen County Sheriff's Department [and] Deputy Officer Monahan et al."  In the body of his Complaint, the Plaintiff refers to unnamed "lieutenants, sergeants and officers."  However, neither the Bergen County Jail nor the Bergen County Sheriff's Department is a "person" within the meaning of § 1983, see (citing Fischer v. Cahill, 474 F. 2d 991, 992 (3d Cir. 1973); Philogene v. Adams County Prison, Civ. No. 97-0043, slip op. at p. 4 (M.D. Pa. 1-30-97); Sponsler v. Berks County Prison, 1995 U.S. Dist. LEXIS 2737, 1995 WL 92370, at *1 (E.D. Pa. 1995); Mitchell v. Chester County Farms Prison, 426 F. Supp. 271, 274 (E.D. Pa. 1976)), these entities cannot qualify as state actors, see Williams v. Pa. Bd. of Prob. & Parole, 2005 U.S. Dist. LEXIS 39948 (E.D. Pa. Dec. 1, 2005).  Thus, with respect to the Bergen County Jail and the Bergen County Sheriff's Department, the Plaintiff fails to meet the threshold requirement of showing that these Defendants acted under "color of [state] law" to deprive him of a right secured by the federal Constitution or laws. See Groman v. Twp. of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995).  Moreover, since the list of private Defendants is limited to "Officer Monahan et al.," and no other defendant is indicated even as "Officer John Doe," the Court limits its review to Officer Monahan.  Accord Walker v. Johnson, 2005 U.S. Dist. LEXIS 10824, at *10 (D. Del. June 3, 2005) (distinguishing sufficient pleadings in Alston v. Parker, 363 F.3d 229 (3d Cir. 2004), that "arguably" complied with Rule 8, with claims that are too vague to be subject to any coherent interpretation).

the Plaintiff," the Plaintiff was at "all . . . times . . . har[]assed by eye contact," see id. at 9, and by the Defendants' decision to "keep other inmates away from the Plaintiff." See id. at 7. The Complaint asserts that, since: (1) the Defendants "had sens[i]tivity classes" but, nonetheless, were "tormentor[s] and abuser[s]" of Plaintiff, see id. at 8, and (2) "[t]he Plaintiff, [being] handicapped, [could not] make any moves that would put the [D]efendants in jeopardy or cause any immediate danger and/or security risk," the Defendants' actions "unjustly deprived [the Plaintiff] of [his] rights" and qualified the Plaintiff for (1) sanctions imposed upon the Defendants, (2) damages for the Plaintiff's emotional and physical distress, and (3) punitive damages. See id. at 2, 8.

**STANDARD OF REVIEW**

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996). Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Tort Claims Act . . . many of which are routinely dismissed as legally frivolous." Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b),

that a court must dismiss, at the earliest practicable time, any prisoner actions that are frivolous or malicious, fail to state a claim, or seek monetary relief from immune defendants.  However, in determining the sufficiency of a complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court should "accept as true all of the allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, lend credit to a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.  Thus, "[a] pro se complaint may be dismissed for failure to state a claim only if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)).

**DISCUSSION**

Liberally construing the Plaintiff's Complaint, this Court reads it as asserting violations of the Cruel and Unusual Punishments Clause of the Eighth Amendment by the Defendants' acts of verbal and "visual" harassment and by usage of excessive force.  See generally, Compl.

4

It is undisputed, however, that acts of harassment do not qualify as violations of the Eighth Amendment.  See Stepney v. Gilliard, 2005 U.S. Dist. LEXIS 31889, at *19 (N.J.D. Dec. 8, 2005) ("[V]erbal harassment and taunting is neither 'sufficiently serious' nor 'an unnecessary and wanton infliction of pain' under the common meaning of those terms. 'Verbal harassment or profanity alone . . . no matter how inappropriate, unprofessional, or reprehensible it might seem,' does not constitute the violation of any federally protected right and therefore is not actionable under [Section] 1983" if the harassment is not accompanied by a physical injury) (quoting Shabazz v. Pico, 994 F. Supp. 460, 474 (S.D.N.Y. 1998), and citing Collins v. Graham, 377 F. Supp. 2d 241, 244 (D. Me. 2005)); see also Robinson v. Taylor, 2005 U.S. Dist. LEXIS 20951, at *8-9 (D. Del. Sept. 26, 2005) ("'[M]ere verbal harassment does not give rise to a constitutional violation.' For example, . . . discriminatory statements, . . . slurs and epithets, while inexcusable and offensive, do not establish liability under section 1983, because they do not amount to a constitutional violation.  . . . '[The] acts [that are] nothing more than threats and verbal taunts do not violate the Eighth Amendment'") (quoting McBride v. Deer, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) and citing Moore v. Morris, 116 Fed. App'x 203, 205 (10th Cir. 2004); Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997);

Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979)); Prisoners' Legal Ass'n v. Roberson, 822 F. Supp. 185, 187-89 (D.N.J. 1993)); Abuhouran v. Acker, 2005 U.S. Dist. LEXIS 12864, at *15 (E.D. Pa. June 29, 2005) ("It is well established . . . that . . . derogatory language, verbal harassment, or threats standing alone do not state a constitutional claim") (citing Dewalt v. Carter, 224 F.3d 607, 612 (7th Cir. 1999); Williams v. Bramer, 180 F.3d 699, 706 (5th Cir. 1999); Maclean v. Secor, 876 F. Supp. 695, 698 (E.D. Pa. 1995)); cf. Young v. Coughlin, 1998 U.S. Dist. LEXIS 764, at *19-22 (S.D.N.Y. Jan. 27, 1998) (neither suggestive comments nor the acts of staring qualify as violations of the Eighth Amendment).  Therefore, this Court finds that the harassment of the Plaintiff, assuming it occurred, did not rise to the level of a constitutional violation actionable under Section 1983.

The Plaintiff also appears to assert usage of excessive force by the Defendants.  The landmark Supreme Court case in the Eighth Amendment excessive force area is Hudson v. McMillian, 503 U.S. 1 (1992).  The Hudson Court held that "whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is that set out in Whitley [475 U.S. 312 (1986)]: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically

6

to cause harm." Id. at 6-7.  In doing so, the Court jettisoned the traditional objective prong inquiry for establishing an Eighth Amendment claim.  See id. at 22-23 (Thomas, J., dissenting) ("In the context of claims alleging the excessive use of physical force, the Court then asserts, the serious deprivation requirement is satisfied by no serious deprivation at all. When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated. . . . Ascertaining prison officials' state of mind, in other words, is the only relevant inquiry in deciding whether such cases involve cruel and unusual punishment. . . .  The sum and substance of an Eighth Amendment violation, the Court asserts, is the unnecessary and wanton infliction of pain. This formulation has the advantage, from the Court's perspective, of eliminating the objective component") (citations and quotation marks omitted); Brooks v. Kyler, 204 F.3d 102, 108 (3d Cir. 2000) ("In Hudson, the Court distinguished between prisoner conditions-of-confinement and medical-deprivation claims, on the one hand, and wanton use of unnecessary force claims on the other. Although the former kind of claim cannot survive without evidence that a deprivation was 'harmful enough' . . ., the latter kind of claim has no such requirement").

Accordingly, to establish an Eighth Amendment excessive force claim, the plaintiff must adduce evidence that the force

7

used was applied not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm.[2] However, the de minimis use of force, which is itself not repugnant to human decency, cannot state an Eighth Amendment claim of excessive force. See, e.g., Hudson, 503 U.S. at 9-10 ("The Eighth Amendment's prohibition of cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind'") (internal citation and quotation marks omitted).

According to the Complaint, the events at issue took place in response to the Plaintiff's putting his wheelchair into a spin. See Compl. at 7, 8. The aftermath at issue was a response

---

[2]

This is not to say that a fact-finder at trial will disregard the extent of the injuries suffered by a plaintiff. As the Supreme Court observed in Hudson:

> Under the Whitley approach, the extent of injury suffered by an inmate is one factor that may suggest "whether the use of force could plausibly have been thought necessary" in a particular situation, "or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." 475 U.S. 312, 321. In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat "reasonably perceived by the responsible officials," and "any efforts made to temper the severity of a forceful response." Id. The absence of serious injury is therefore relevant to the Eighth Amendment inquiry, but does not end it.

Hudson, 503 U.S. at 7.

8

to the disturbance that the Plaintiff created, see id., and consisted of two physical acts by the Defendants: (1) frisking the Plaintiff, and (2) handcuffing the Plaintiff.  The Plaintiff, however, asserts that these two acts were excessive since the Plaintiff, due to his disability could not "make any moves that would put the [D]efendants in jeopardy or cause any immediate danger and/or security risk."  Compl. at 8.  The Plaintiff errs.

First, and foremost, the mere act of a frisk of an inmate does not qualify as excessive force.  Accord Murray v. Michael, 2005 U.S. Dist. LEXIS 32392 (N.D.N.Y Sept. 7, 2005) (a frisk, even the one during which the frisking officer's baton came into an unpleasant forceful contact with the clothed inmate's body, is not a constitutional violation); Giannattasio v. Artuz, 2000 U.S. Dist. LEXIS 3907 (S.D.N.Y. Mar. 28, 2000) (while the beating after a frisk is a constitutional violation, the act of the frisk itself is not); Nelson v. Michalko, 35 F. Supp. 2d 289 (W.D.N.Y. 1999) (a frisk of a clothed inmate with a metal detector, even if the detector came into a unpleasant forceful contact with the inmate's body, is not a constitutional violation).

Similarly, the mere act of handcuffing an inmate does not qualify as a constitutional violation.  See Hernandez v. San Diego Sheriff's Dep't, 2000 U.S. App. LEXIS 9959 (9th Cir. May 9, 2000) (there is no constitutional violation if there is "no indication [that the defendants physically] did [anything] more

9

than merely place handcuffs"); Jackson v. Cain, 864 F.2d 1235, 1243-44 (5th Cir. 1989) ("[T]he use of handcuffs or other restraining devices constitute[s] a rational security measure and cannot be considered cruel and unusual punishment . . . . The use of shackles and handcuffs are restraints commonly used on inmates, even those of a 'preferred' status"); see also Page v. City of Trenton, 2005 U.S. Dist. LEXIS 37643 (D.N.J. Dec. 29, 2005) ("[T]ight[] handcuff[ing] coupled with] degrading and defaming verbal harassment" is not a constitutional violation); compare Patrick v. Vrablic, 2005 U.S. Dist. LEXIS 30275 ( E.D. Mich. Nov. 16, 2005) (a violation could be found if handcuffs are placed so tightly as to cause a physical injury, e.g., damage of a wrist, but only if the officer receives due complaints about the pain from the handcuffed and yet refuses to loosen the handcuffs, thus inflicting the injury); Marable v. W. Pottsgrove Twp., 2005 U.S. Dist. LEXIS 13754 (E.D. Pa. July 8, 2005) (while the act of handcuffing does not constitute a violation, the beating of a handcuffed person does); Aceto v. Kachajian, 240 F. Supp. 2d 121 (D. Mass. 2003) (if (1) the mode of handcuffing exacerbates a preexisting injury about which the officer was duly notified prior to handcuffing, but (2) the officer uses this mode of handcuffing anyway, (3) the handcuffing constitutes the use of excessive force).

In the Plaintiff's case, neither the act of frisking nor that of handcuffing could qualify as excessive force in violation of contemporary standards of decency: the facts, as alleged by the Plaintiff, indicate that these acts were of de minimis force commonly used to restrain inmates, or that these acts were executed for a legitimate penological purpose of restoring order in the prison.  See, e.g., Ostrander v. Horn, 145 F. Supp. 2d 614 (M.D. Pa. 2001) (an inmate failed to establish a violation of constitutional rights based on being handcuffing and strip-search during a drill).

## CONCLUSION

Based on the foregoing, the Court grants Plaintiff's application to file the Complaint without prepayment of the filing fee and dismisses the Complaint without prejudice for failure to state a claim upon which relief may be granted.

An appropriate Order accompanies this Opinion.


                                     /s/ Faith S. Hochberg
                                    **United States District Judge**


Dated:  March 22, 2006